**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4379**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMARLO TEVON KORNEGAY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. W. Earl Britt, Senior District Judge. (5:09-cr-00161-BR-1)

Submitted: March 29, 2019                           Decided: April 12, 2019

Before GREGORY, Chief Judge, WILKINSON and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demarlo Tevon Kornegay appeals the 24-month sentence imposed upon the revocation of his supervised release. On appeal, Kornegay argues that the sentence imposed is both procedurally and substantively unreasonable because the district court failed to address his nonfrivolous arguments in favor of a lesser sentence, did not adequately explain the chosen sentence, relied on improper sentencing factors, and imposed a sentence greater than necessary to accomplish the relevant sentencing goals. Kornegay also contends that his revocation sentence violates the Double Jeopardy Clause. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006) (internal citation omitted). We first consider whether the sentence imposed is procedurally and substantively reasonable, applying the same general considerations utilized in its evaluation of original criminal sentences. *Id.* at 438. In this initial inquiry, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find the sentence unreasonable will [we] consider whether it is "plainly so." *Id.* at 657 (internal quotation marks omitted).

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable in revocation proceedings. *Crudup*, 461 F.3d at 439. The district court also must provide a statement of reasons for the sentence imposed, but that explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). Additionally, when imposing a revocation sentence, the district court must "address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this [c]ourt can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) .

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2016). According to 18 U.S.C. § 3583(e) (2012), which governs supervised release revocation proceedings, the court also must consider some of the factors enumerated under § 3553(a), though not the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439. We have recognized, however, that the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under

3

§ 3583(e)." *Webb*, 738 F.3d at 641-42 (collecting cases recognizing this enmeshment of the disfavored and the authorized factors). Thus, although the district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

We conclude that Kornegay's sentence is not plainly unreasonable. First, although the district court did not address all of Kornegay's nonfrivolous arguments for a sentence below the policy statement range, Kornegay concedes that the court considered and rejected his primary mitigation argument that he had served a state sentence based on the conduct forming the basis for his revocation. As to Kornegay's contention that the district court failed to address his argument that he generally complied with the terms of his supervision, we conclude such argument is frivolous in light of his record of repeat violations. *See Slappy*, 872 F.3d at 207 (noting that the district court must "meaningfully respond to the parties' *nonfrivolous* arguments" (emphasis added)). Kornegay also maintains that the district court did not specifically address defense counsel's statements regarding Kornegay's family support network, that Kornegay had obtained a commercial driver's license, that his uncle was willing to provide him a job, and that his grandmother was willing to house him upon his release. Because the district court acknowledged Kornegay's family in the courtroom, expressly rejected Kornegay's primary argument for a lesser sentence, indicated that the circumstances "very loudly called for the maximum," we conclude that the district court "provide[d] enough" to indicate "that it considered"

4

the defendant's arguments." *Slappy*, 872 F.3d at 210. Accordingly, we find that Kornegay's sentence is not plainly unreasonable in this regard.

Second, Kornegay asserts that the district court failed to adequately explain the chosen sentence. Specifically, Kornegay claims that "the court simply imposed the maximum possible sentence and gave no justification" for the sentence. Contrary to Kornegay's assertion, the district court did offer an explanation for the chosen sentence. Notably, the district court discussed a recent surge in firearms cases and noted that Kornegay's offense involved not only a firearm, but also the sale of cocaine. Due to the "troubling" nature of the underlying criminal conviction, the court determined that the statutory maximum sentence—which was also the policy statement range—was appropriate. Moreover, the court emphasized that it had considered the relevant policy statements and 18 U.S.C. § 3553(a) factors. We conclude that the court therefore "sufficiently state[d] a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207; *see also Thompson*, 595 F.3d at 547 (noting that district court's explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence").

Relatedly, Kornegay argues that, in selecting the sentence, the district court improperly considered the seriousness of Kornegay's offense. The court stated that it had considered and based its sentence upon "the policy statements on revocation contained in Chapter 7 of the [S]entencing [G]uidelines as well as the relevant factors listed in 18 U.S.C., Section 3553(a)." (J.A. 37). Contrary to Kornegay's argument, the court did not

5

state it was basing its sentence on the seriousness of the offense—a prohibited factor. Rather, the court simply observed that Kornegay's conduct involved firearms and drugs. The district court's explanation does not render Kornegay's sentence plainly unreasonable.

Moreover, we conclude that the sentence is substantively reasonable. The within-policy statement range sentence imposed is afforded a presumption of reasonableness, and, in light of the factors supporting that sentence, Kornegay has not overcome that presumption. *Gibbs*, 897 F.3d at 204. Finally, as Kornegay concedes on appeal, his Double Jeopardy argument is squarely foreclosed by existing Supreme Court precedent. *See Johnson v. United States*, 529 U.S. 694, 700-01 (2000); *Abbate v. United States*, 359 U.S. 187, 194-96 (1959); *see also United States v. Woodrup,* 86 F.3d 359, 361-63 (4th Cir. 1996) (holding sentence on revocation of supervised release not barred by Double Jeopardy Clause because sentence is punishment for original offense and not for offense that violated terms of supervised release).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6